OPINION
{¶ 1} Defendant-appellant, Roger Baker, appeals his sentence from the Clinton County Court of Common Pleas after he was convicted of felonious assault.[1] On May 19, 2005, appellant pled guilty to one count of felonious assault, a felony of the second degree, in violation of R.C.2903.11(A)(1). On June 28, 2005, the trial court sentenced appellant to a two-year prison term and ordered appellant to initiate no contact with the victim and pay all *Page 2 
costs. In addition, the court notified appellant that upon completion of his prison term, he would be subject to a period of post release control "up to 5-years as determined by the Parole Board pursuant to RC § 2967.28." On September 14, 2006, appellant petitioned the trial court to vacate the postrelease control provision in the sentencing judgment entry, which the trial court denied. Thereafter, appellant timely appealed the trial court's decision, asserting one assignment of error.[2]
 {¶ 2} In his sole assignment of error, appellant argues that the trial court improperly denied him relief from the imposition of postrelease control.
 {¶ 3} Pursuant to R.C. 2967.28, at trial court must inform a defendant at sentencing that postrelease control, a period of supervision by the adult parole authority after a prisoner's release from imprisonment that includes one or more sanctions, is part of the defendant's sentence.Woods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171, paragraph two of the syllabus; State v. Eberle, Butler App. No. CA99-12-201, 2001-Ohio-4204. Although the Parole Board has significant discretion in imposing conditions of postrelease control, the terms of postrelease control are part of the judicially-imposed sentence. Eberle, 2001-Ohio-4204.
 {¶ 4} In this case, the trial court sentenced appellant to a two-year prison term for committing felonious assault, a second-degree felony. Pursuant to R.C. 2967.28(B)(2), a sentence for a second-degree felony that is not a sex offense, but one where the offender caused physical harm to a person, must include a requirement of postrelease control for a period of three years after release from imprisonment.
 {¶ 5} Although appellant signed a plea agreement that correctly notified him that he would be subject to postrelease control for three years, the trial court indicated in its *Page 3 
sentencing judgment entry that appellant would be subject to postrelease control for a period of up to five years. Although the trial court technically fulfilled its obligation of notifying appellant that postrelease control is part of his sentence, the court failed to provide accurate information regarding its duration.
 {¶ 6} Because the period of postrelease control is part of the judicially-imposed sentence, the trial court must notify the offender of its maximum duration. Eberle, 2001-Ohio-4204. Therefore, to the extent that the trial court failed to notify appellant that he would be subject to a mandatory period of three years of postrelease control, the sentence is contrary to law. Accordingly, this court hereby modifies appellant's sentence to reflect that appellant is subject to a period of three years of postrelease control. In all other respects, appellant's sentence is affirmed
 {¶ 7} Judgment reversed as modified.
YOUNG, P.J., and POWELL, J., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.
[2] We note that plaintiff-appellee, state of Ohio, did not file a brief after this court denied the state's motion for extension of time. *Page 1